UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| HERO NUTRITIONALS LLC, a California corporation,<br><br>                    Plaintiff,<br><br>        vs.<br><br>NUTRACEUTICAL CORPORATION, a California Corporation; NUTRAMARKS, INC., an entity of unknown status; and DOES 1 through 10,<br><br>                    Defendants. | Case No.  8:11-CV-01195-AG-MLGx<br><br>**STIPULATED PROTECTIVE ORDER** |

WHEREAS, the parties believe certain information to be revealed in the course of this action is of proprietary and/or confidential nature, including sales data, advertising expenses, marketing documents, documents relating to the selection of the trademarks at issue, market research, and channels of trade information;

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, through their attorneys, and ORDERED BY THE COURT that:

1.      This Agreement applies to all documents, information, electronically stored information, tangible things, and testimony disclosed during discovery in this action ("Discovery Material") by a party in this action or by a third party ("Disclosing Party") to another party(ies) ("Receiving Party") including all portions of transcripts of depositions, exhibits, answers to interrogatories, responses to requests for admission, documents or things, which are designated by the Disclosing Party in accordance herewith as containing or comprising confidential or proprietary information within the meaning of Fed. R. Civ. P. 26(c) (hereinafter

- 1 -

1  "Confidential Information" and "Highly Confidential Information") as more fully
2  set forth herein.

3        2.      "Confidential Information" and "Highly Confidential Information" are
4  intended to mean information of the type contemplated by Rule 26 of the Federal
5  Rules of Civil Procedure, and which has not been made public by the Disclosing
6  Party and which a Disclosing Party regards as proprietary, as more fully defined in
7  Paragraphs 4 and 7.

8        3.      Unless the Parties agree in writing otherwise, all Discovery Material
9  containing Confidential Information or Highly Confidential Information shall be
10  used solely for the prosecution or defense of this action.  Any such Discovery
11  Material designated as Confidential Information or Highly Confidential Information
12  shall not be used for any business, commercial, competitive, personal, or other
13  purpose.  Confidential Information and Highly Confidential Information shall not
14  be disseminated to anyone, nor made public, nor used, except as permitted by this
15  Protective Order or by order of the Court.  Nothing in this Agreement shall restrict
16  a Disclosing Party in any manner with regard to use or disclosure of its own
17  Confidential Information or Highly Confidential Information.

18        4.      A Disclosing Party may designate as "Confidential Information" any
19  Discovery Material that contains proprietary or other confidential information,
20  including, but not limited to, confidential financial information or other proprietary
21  business or technical information of either its own or of another which the
22  Disclosing Party is under a duty to maintain confidential.  Confidential Information
23  as used in this Agreement shall refer to any so designated material and all copies
24  thereof, and shall also refer to the information contained in such materials.  No
25  designation shall be made unless counsel of record believes in good faith that the
26  designated material is entitled to protection under Rule 26 of the Federal Rules of
27  Civil Procedure.

28

5.      Except as provided in Paragraph 10, all documents containing Confidential Information shall be marked at the time that copies are produced to a Receiving Party with the legend "CONFIDENTIAL" stamped or labelled on each page (or on the first page only of a bound document) in lettering at least ¼" high and in a manner so as not to interfere with the legibility thereof.  Documents must be so designated at the time of delivery to a Receiving Party pursuant to Fed. R. Civ. P. 33(c).

6.      Discovery Material designated as Confidential Information shall be maintained in confidence by the Receiving Party pursuant to the requirements of Paragraph 3 herein, and shall not be disclosed to any person except:

     a.      the Court and its officers, under seal;

     b.      lead and local outside counsel of record and employees of such counsel of record;

     c.      in-house counsel and their support staff;

     d.      officers and employees of the Receiving Party provided that any such officer or employee of the Receiving Party has signed a declaration in the form of Exhibit A hereto (copies of which signed declaration shall be provided to the other parties herein upon request); and

     e.      an independent expert or consultant engaged by counsel or the parties to assist in this litigation who is not a past or current employee or director of a party (hereinafter "Expert") provided that such Expert has signed an undertaking in the form of Exhibit A hereto (copies of which signed declaration shall be provided to the other parties herein only upon a showing of good cause).

7.      A Disclosing Party may designate as "Highly Confidential Information" any Discovery Material that contains Confidential Information that constitutes trade secret or other proprietary information that the Disclosing Party

- 3 -

believes in good faith should not be disclosed to non-experts or non-attorneys of the Receiving Party.  Highly Confidential Information shall refer to any so designated material and all copies thereof and shall also refer to the information contained in such materials.  No designation shall be made unless counsel of record believes in good faith that the designated material is entitled to protection under Rule 26 of the Federal Rules of Civil Procedure and the standard set forth herein.

8.      Except as provided in Paragraph 10, all documents containing Highly Confidential Information shall be marked at the time that copies are produced to a Receiving Party with the legend "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" or the legend "HIGHLY CONFIDENTIAL COUNSEL ONLY" stamped or labelled on each page (or on the first page only of a bound document) in lettering at least ¼" high and in a manner so as not to interfere with the legibility thereof.  Documents must be so designated at the time of inspection by, or delivery to, a Receiving Party pursuant to Fed. R. Civ. P. 33(c).

9.      Discovery Material designated as Highly Confidential Information shall be maintained in confidence for use by litigation counsel who must have access to such documentation solely for use in connection with this action and shall not be disclosed to any person except:

a.      the Court and its officers, under seal;

b.      lead and local outside counsel of record and employees of such counsel of record;

c.      one (1) in house counsel for each party; and

d.      Experts, provided that each such Expert(s) has signed an undertaking in the form of Exhibit A hereto (copies of which signed declaration shall be provided to the other parties herein only upon a showing of good cause).

10.     When producing files and records for inspection, no marking need be

- 4 -

1   made by the Disclosing Party in advance of the inspection.  For purposes of the

2   inspection by the Receiving Party, all documents produced shall be considered as

3   "Highly Confidential Information."  Thereafter, upon selection of specified

4   documents for copying by the Receiving Party, or should the Disclosing Party copy

5   and produce documents directly without an initial inspection, the Disclosing Party

6   shall mark the documents as provided for in Paragraphs 5 and 8.

7         11.    At any deposition, counsel for either party may, in good faith and on

8   the record, designate any portion of the record as either Confidential Information or

9   Highly Confidential Information.  Additionally, the transcript of any deposition or

10   hearing and all exhibits or attachments shall be considered Highly Confidential

11   Information for 30 days following the date such transcript is available.  During that

12   30-day period, either party may designate the portions of the transcript, and any

13   specific exhibits or attachments, that are to be treated as Confidential Information

14   or Highly Confidential Information, in accordance with this Protective Order.

15   Appropriate stampings or markings should be made during this time.  If no such

16   designations are made during the 30-day period, then the entire transcript and

17   exhibits will be considered unprotected, except for those portions previously

18   designated as Confidential Information or Highly Confidential Information as

19   provided herein.  If, during a deposition, counsel for either party states on the

20   record that a subsequent line of questioning should be designated as Confidential

21   Information or Highly Confidential Information, all persons present who fall

22   outside the respective categories of persons defined in Paragraphs 6 and 9, herein,

23   shall be excluded from the locale of the deposition until such time as the

24   Confidential Information or Highly Confidential Information designation is

25   withdrawn, on the record, by the designating counsel.

26         12.    A party that seeks to disclose to an Expert any Confidential

27   Information or Highly Confidential Information must first provide written

28

- 5 -

notification to the Disclosing Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume /curriculum vitae, and (3) identifies the Expert's current employer(s).  Seven days after providing such written notification, such party may thereafter disclose to such Expert any such Confidential Information or Highly Confidential Information in accordance with this Agreement unless the Disclosing Party, within the seven-day period, provides a written objection to the other party including an explanation and grounds for such objection.  Counsel that receives a timely written objection shall promptly confer in good faith, in person or by telephone, with counsel for the Disclosing Party to reconsider the challenged designation.  If after conferring the parties are unable to reach agreement as to the objection, the objection is deemed waived unless the objecting party files a motion for a determination by the Court as to the unresolved objections within seven days after the parties first conferred on the issue.  The objecting party shall have the burden of proving the propriety of the objection.

13.   Any employee, officer, or Rule 30(b)(6) witness of the Disclosing Party may be shown a document designated as Confidential Information or Highly Confidential Information by the Disclosing Party for the purpose of interrogation by the Receiving Party at a deposition or hearing.  Any person who is not a party or officer or employee of a party, but who was the author or copy recipient of a document designated as Confidential Information or Highly Confidential Information may be shown Confidential Information or Highly Confidential Information for the purpose of interrogation of such person at a deposition or hearing.

14.   Nothing in this Agreement nor acceptance by a party of disclosure of information pursuant to this Agreement shall constitute or be construed as an acknowledgement or admission that any Discovery Materials designated by a

- 6 -

Disclosing Party as such are in fact Confidential Information or Highly Confidential Information or entitled to confidential treatment.  This Agreement shall be without prejudice to either party to question or challenge at any time whether or not any particular information is Confidential Information or Highly Confidential Information.

15.    Each party agrees that if it designates any Discovery Material as Confidential Information or Highly Confidential Information, and the Receiving Party objects in writing that the designation is not warranted or justified as to all or any part of the designated material, then within 14 days of the written objection, the Disclosing Party shall confer in good faith, in person or by telephone, with the Receiving Party to reconsider the challenged designation.  If after conferring the Receiving and Disclosing Parties are unable to reach agreement as to the challenged designation, then the objecting party may file a motion for a determination by the Court as to the unresolved objections and the appropriateness of the challenged designation.  If the objecting party does not file a motion challenging the designation within 30 days from the date the Receiving and Disclosing Parties first confer on the issue (or within 14 days if discovery has closed), and unless otherwise ordered by the Court, the challenged designation shall stand.  The Disclosing Party shall have the burden of proving the propriety of the challenged designation.

16.    Nothing in this Agreement shall preclude any Receiving Party, or any other person who is bound by this Agreement, from utilizing information that was known to or possessed by the Receiving Party or other person before the Receiving Party or other person became bound by this Agreement, or which lawfully came into the Receiving Party's or other person's possession outside of the discovery process in this action.  Any such use of such information shall not constitute a violation of this Agreement.  Nevertheless, each Disclosing Party retains the right to pursue any claim or defense it may have against any Receiving Party or other

person arising from such use of such information.  However, if a Disclosing Party disputes the Receiving Party's or other person's position, it shall object in writing, and shall proceed as set forth in Paragraph 14 hereto.  If the Court determines that, consistent with Fed. R. Civ. P. 26(c) and the provisions of this Protective Order, the information in question appears to be of a type that should be characterized as Confidential Information or Highly Confidential Information, then any Receiving Party or other person claiming that the information has been in the possession of such Receiving Party or other person or has been in the public domain prior to disclosure of such information through discovery, shall have the burden of proving such prior or public knowledge or possession.

17.     To the extent that any discovery is taken of any person who is not a party to this action ("Third Party"), and in the event such Third Party or any party contends that the discovery sought involves confidential material, then such Third Party shall be provided a copy of this Protective Order and given the opportunity to designate information as Confidential Information or Highly Confidential Information in accordance with the terms of this Protective Order.

18.     No Confidential Information or Highly Confidential Information designated in this action shall be filed in the public record of this action except as provided herein or otherwise pursuant to Court Order.

19.     If Confidential Information or Highly Confidential Information is disclosed to any person other than in the manner authorized by this Agreement, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies of the Disclosing Party, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

20.     The inadvertent or unintentional failure to designate discovery

materials as Confidential Information or Highly Confidential Information shall not be deemed a waiver in whole or in part of a Disclosing Party's claim of confidential treatment under the terms of this Agreement.  If a document, transcript, or thing is produced for which the designation Confidential Information or Highly Confidential Information is lacking but should have appeared, the Disclosing Party may restrict future disclosure of the document, transcript, or thing in accordance with this Agreement by notifying the Receiving Party in writing of the change in or addition of such restrictive designation with respect to the document, transcript, or thing, and providing substitute copies, with appropriate designations, of each such document, transcript, or thing.  The Receiving Party shall then take reasonable steps to prevent any further disclosure of such newly designated Confidential Information or Highly Confidential Information, except as permitted by this Agreement, and shall, within ten (10) business days of receipt of the substitute copies, return or destroy the originally produced items and all copies.

21.    Any person in possession of another party's Confidential Information or Highly Confidential Information who receives a subpoena (or other process) from any person (including natural persons, corporations, partnership, firms, governmental agencies, departments or bodies, boards, or associations) that is not a party to this Agreement seeking production or other disclosure of such Confidential Information or Highly Confidential Information shall, if not otherwise prohibited by law, give prompt written notice to counsel for the Disclosing Party of such information, identifying the material sought and enclosing a copy of the subpoena or other process.  Where possible, at least ten (10) business days notice before production or other disclosure shall be given.  In no event shall production or disclosure be made before the latest of: (1) the date on which the notice is given, or (2) the return date of the subpoena or other process.  The party receiving the subpoena (or other process) shall reasonably cooperate with efforts by the

STIPULATED PROTECTIVE ORDER

Disclosing Party to oppose production pursuant to the subpoena or to condition production upon the imposition of conditions to protect against public disclosure of Confidential Information and Highly Confidential Information.  Further, if production pursuant to the subpoena or other process is required before reasonable notice can be given to counsel for the Disclosing Party of such information, counsel for the party receiving the subpoena shall object in writing to the production by stating that the information sought has been designated Confidential Information or Highly Confidential Information.

22.    Nothing herein shall be construed to affect in any way the admissibility of any Discovery Material affected or designated under this Agreement.

23.    Within thirty (30) days of final termination of this action, including any appeals (or such other amount of time on which counsel mutually agree), each Receiving Party shall be under obligation to assemble and return to the Disclosing Party, or alternatively, upon mutual agreement of the parties and counsel, to destroy and provide a certificate of destruction of, all material received, directly or indirectly from the Disclosing Party embodying Confidential Information or Highly Confidential Information, including all copies of such material which may have been made.  The return of such material shall be acknowledged by the Disclosing Party in writing.  Furthermore, counsel shall destroy all copies with any attorneys' markings, and any digests or summaries thereof which have been made, or prepared from such documents in the course of creating attorney work product. Notwithstanding the foregoing, to the extent such material is incorporated into any attorney work product or document or exhibit properly filed with the Court, a single copy of such material may be retained in outside counsel's files.

24.    The attorneys for the parties shall make good faith efforts to resolve any dispute about the interpretation of and/or the conduct or activities of any party

STIPULATED PROTECTIVE ORDER

1   or person under this Protective Order.  If a dispute cannot be resolved, then a

2   dissatisfied party may seek relief from or clarification or modification or

3   enforcement of this Protective Order by means of a motion to the Court.

4        25.    The Court shall retain jurisdiction over the parties for purposes of

5   enforcement of this Order.

6        IT IS SO ORDERED.

7        Dated:  12th  day of June 2012.

8

9

10  _____

11  MARC L. GOLDMAN
    United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER

1

2      APPROVED FOR ENTRY:

3      HERO NUTRITIONALS LLC                    NUTRACEUTICAL CORPORATION
                                                and NUTRAMARKS, INC.
4
       By:_____
5                                               By:_____
       Dated:_____
6                                               Dated:_____
       John B. Stephens
7      STEPHENS FRIEDLAND LLP                    Richard T. Jackson
       4695 MacArthur Court, Suite 1550         HOLLAND & HART LLP
8      Newport Beach, CA 92660                  222 S. Main Street
       john@sf-lawyers.com                      Suite 2200
9                                               Salt Lake City, UT 84101

10     *Attorneys for Plaintiff*                 Jennifer E Gysler
       *Hero Nutritionals LLC*                   MONROY AVERBUCK & GYSLER
11                                              32123 Lindero Canyon Road, Suite 301
                                                Westlake Village, CA 91361
12
                                                Timothy P Getzoff  (*pro hac vice*)
13                                              HOLLAND & HART LLP
                                                One Boulder Plaza
14                                              1800 Broadway Suite 300
                                                Boulder, CO 80302
15
                                                *Attorneys for Defendants*
16                                              *Nutraceutical Corporation and*
                                                *Nutramarks, Inc.*
17

18

19

20

21

22

23

24

25

26

27

28

                                       - 12 -

1

2

**EXHIBIT A**

3

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

4

SANTA ANA DIVISION

5

HERO NUTRITIONALS LLC, a
California corporation,

Case No.  8:11-CV-01195-AG-MLG

6

7

Plaintiff,

**DECLARATION OF
<<_____>>**

vs.

8

**RE: STIPULATED PROTECTIVE
ORDER WITH RESPECT TO
CONFIDENTIAL
INFORMATION AND
DOCUMENTS**

NUTRACEUTICAL CORPORATION,
a California Corporation;
NUTRAMARKS, INC., an entity of
unknown status; and DOES 1 through
10,

9

10

11

12

Defendants.

13

I, _____, declare that:

14

1.    My address is _____

15

2.    My present employer is _____ and the address of

16

my present employment is _____

17

3.    I have read and know the contents of the Stipulated Protective Order

18

that the Court entered on _____, 2012.

19

4.    I am one of the persons described in the Order, and I am executing this

20

Declaration and agreeing to be bound by its terms in order to satisfy the conditions

21

provided in the Order prior to the disclosure to me of any confidential information

22

under the Order.

23

5.    I have read and I shall be fully bound by the terms of the aforesaid

24

Order.

25

6.    All such documents and information which are disclosed to me

26

pursuant to the Order shall be maintained by me in strict confidence and I shall not

27

disclose or use the original or any copy of, or the subject of, such documents and/or

28

information except in accordance with the aforesaid Order.

- 1 -

1

2          7.     I shall not use or refer to any of the aforesaid documents and/or

3    information, or copies thereof, other than in connection with the above-entitled

4    action and as provided in the Order.

5          8.     I shall, upon being notified of the termination of the above-entitled

6    action, return all copies of such documents to counsel from whom I receive such

7    documents, and I shall destroy any notes and/or memoranda I have regarding the

8    aforesaid documents and/or information.

9          9.     I do and shall subject myself to the continuing jurisdiction of the

10   United States District Court for the Central District of California over my person,

11   wherever I shall be, for the enforcement of the aforesaid Order.

12          10.    I declare under penalty of perjury under the laws of the United States

13   of America that the foregoing is true and correct.

14

15   Date: _____          _____

16                                                   [SIGNATURE]

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER